609 A.2d 219 (1992)
STATE
v.
John E. BALDONI.
No. 91-429-C.A.
Supreme Court of Rhode Island.
June 12, 1992.
James E. O'Neil, Atty. Gen., William J. Ferland, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.
John F. Cicilline, Providence, for defendant.

OPINION
PER CURIAM.
This case came before the court for oral argument on May 4, 1992, pursuant to an order which had been directed to both parties to appear and show cause why this appeal should not be denied and dismissed. The state had appealed an order of the Superior Court granting the defendant's motion to suppress physical evidence.
After considering the arguments and memoranda of counsel, this court is of the opinion that cause has been shown.
On November 13, 1987, members of the Rhode Island State Police Narcotics Unit executed a search warrant at 593 Budlong Road in Cranston. Police searched the residence/business of defendant John E. Baldoni, D.D.S., for Dilaudid, cocaine, and records of drug transactions. During the course of their search police discovered both Dilaudid and cocaine. Consequently, defendant was charged with possession of cocaine with the intent to deliver and possession of hydromorphone (Dilaudid) with the intent to deliver.
The warrant authorizing the search of defendant's residence/business was based on the affidavit of James Mullen (Mullen) of the Rhode Island State Police. Mullen presented this affidavit and application to search to Judge Alton W. Wiley of the District Court. Judge Wiley reviewed the application and found that sufficient facts had been presented to establish probable cause necessary for the issuance of a search warrant.
*220 Prior to trial defendant filed a motion to suppress the contraband discovered during the search of his property. The defendant argued that the affidavit and assertions within it failed to satisfy the totality of circumstances test used to determine whether there exists the required probable cause for the issuance of a search warrant. The state argued that the information supplied to the issuing magistrate contained in the affidavit constituted sufficient probable cause for the issuance of the search warrant. After a hearing the Superior Court held that the affidavit upon which the judge relied did not establish probable cause. The trial justice granted defendant's motion to suppress.
After examining the affidavit, we conclude that the information contained therein was sufficient to provide the basis for probable cause under the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as further elucidated by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In so doing, we reiterate the established propositions that only the probability, and not a prima facie showing, of criminal activity is required to establish probable cause, Jones v. United States, 362 U.S. 257, 270-71, 80 S.Ct. 725, 735, 4 L.Ed.2d 697, 707 (1960), and that the issuing justice's determination of probable cause should be paid great deference by reviewing courts. Spinelli, 393 U.S. at 419, 89 S.Ct. at 590, 21 L.Ed.2d at 645. Accordingly, the warrant issued pursuant to this affidavit was valid under both the Federal Constitution and the Constitution of Rhode Island.
Therefore, we sustain the state's appeal and reverse the decision of the trial justice. The case is remanded to the Superior Court for further proceedings.