**STATE**

v.

**Jose Nicolas RIOS.**

No. 97–47–C.A.

Supreme Court of Rhode Island.

Nov. 6, 1997.

Aaron L. Weisman, Andrea J. Mendes, Providence, for Plaintiff.

David A. Cooper for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the court for oral argument October 14, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The State of Rhode Island has appealed from an order entered by a justice of the Superior Court granting a motion to suppress evidence obtained during a search of the apartment of defendant, Jose Nicolas Rios. This search was carried out pursuant to a warrant issued by a judge of the District Court based upon an affidavit submitted by Detective David Neill, a member of the Rhode Island State Police. A copy of this affidavit is attached hereto and made a part hereof.

At the outset it is necessary to determine the standard by which this court now reviews a decision by a justice of the Superior Court holding that probable cause either exists or does not exist based upon the justice's examination of a warrant or a determination of the reasonableness of a warrantless search. In our past cases we have given deferential review to a Superior Court justice's holdings on the issue of probable cause. *State v. Collins,* 543 A.2d 641, 650 (R.I.1988); *State v. Beaumier,* 480 A.2d 1367, 1375 (R.I. 1984). However, in light of the recent decision by the Supreme Court of the United States in *Ornelas v. United States,* 517 U.S. 690, ——, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911, 919 (1996), appellate courts have been directed to review questions of the existence or the nonexistence of probable cause or reasonable suspicion de novo in order that uniformity may be encouraged and police may be provided with a defined set of rules

upon which they can reasonably rely. Consequently our clearly erroneous standard of review as set forth in *Collins*, 543 A.2d at 650; *Beaumier*, 480 A.2d at 1375, and prior cases is no longer applicable. However, a trial justice, in reviewing the issuance of a warrant by a District Court judge or other issuing magistrate, must review the determination to issue the warrant with great deference, *see, e.g., State v. Pratt*, 641 A.2d 732, 736–37 (R.I.1994); *State v. Baldoni*, 609 A.2d 219, 220 (R.I.1992); *State v. Ricci*, 472 A.2d 291, 298 (R.I.1984). This deferential review of the decision of an issuing magistrate has been emphasized by the Supreme Court of the United States in *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527, 547 (1983).

■ When we examine the affidavit submitted by Detective Neill, we are of the opinion that the statements made under oath in that affidavit not only establish probable cause under the relaxed standards of *Illinois v. Gates* but actually also meet the more stringent tests set forth in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In essence the *Spinelli—Aguilar* test requires that the affidavit contain facts from which the issuing magistrate may determine that the confidential informant is reliable and credible. *Spinelli*, 393 U.S. at 415–16, 89 S.Ct. at 588–89, 21 L.Ed.2d at 643; *Aguilar*, 378 U.S. at 114–15, 84 S.Ct. at 1514, 12 L.Ed.2d at 729. Here the affidavit clearly does contain such facts. The officer's affidavit discloses that the informant has given reliable information in the past that resulted in both arrests and convictions. Second, the test requires that the affidavit contain facts from which the issuing magistrate may determine the source of the informant's knowledge of the presence of contraband in the premises to be searched. This affidavit includes such facts. Indeed, the affidavit contains a statement that the informant actually observed the presence of an amount of cocaine at the suspect's residence at 2930 Pawtucket Avenue, apartment 4, in East Providence. These statements alone would support a finding of probable cause to believe that defendant possessed a con-

trolled substance in his apartment and would meet the *Spinelli–Aguilar* requirements.

In addition to these unequivocal statements establishing reliability and the source of the informant's knowledge, the corroborative detail set forth by the detective served the purpose of enhancing the credibility of the informant. The controlled purchase by a third person, though a corroborative circumstance, was not in this case necessary to the determination of probable cause. Consequently a critical review of the reliability of this purchase by a third person and the turning over by that person of a quantity of cocaine to the informant did nothing to destroy the probable cause established by the statements of the informant and by the corroborative detail that enhanced the informant's credibility. The suggestion that one portion of the affidavit contained stale information relating to the detective's recognizing defendant when he saw him depart from the El'Castillo Restaurant on Mineral Spring Avenue in Pawtucket may have been true but had little bearing on the principal establishment of probable cause by reason of the recent observations both of the informant and of the police.

We have often stated that probable cause need not reach the standard of proof beyond a reasonable doubt or even proof that might establish a prima facie case sufficient to be submitted to a jury. *Pratt*, 641 A.2d at 736; *Baldoni*, 609 A.2d at 220; *State v. Doukales*, 111 R.I. 443, 449, 303 A.2d 769, 773 (1973). In the case at bar the Superior Court justice did not give adequate deference to the decision of the issuing magistrate and reviewed the affidavit with a skepticism that was inappropriate in the circumstances.

For the reasons stated, the state's appeal is sustained and the order of the Superior Court justice granting the motion to suppress is hereby vacated. Under our de novo review we determine that the affidavit established probable cause for the issuance of the search warrant. The papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion.

ATTACHMENT

## AFFIDAVIT

I, Detective David Neill do under oath depose and say;

I have been a member of the Rhode Island State Police for the past eight and one-half years. I am presently assigned to the Narcotics Division. My duties include, but are not limited to investigating violations of Rhode Island's Uniform Controlled Substance Acts.

During the beginning of the 1994 calendar year your affiant began receiving information regarding a Colombian male distributing cocaine and heroin in the State of Rhode Island. Information revealed that this male was known as; Nicholas and that he frequently responded to the State of New York and returned to Rhode Island with large amounts of cocaine and smaller amounts of heroin. Your affiant has spoken to other members of law enforcement who have acknowledge that they have gathered information regarding Nicholas and his involvement in distributing cocaine and heroin.

During the month of February 1995 your affiant was contacted by a confidential and previously reliable informant. This informant has provided your affiant with information in the past which has resulted in at least five subjects being arrested and convicted for violating Rhode Island's Uniform Controlled Substance Acts. These arrest are purposely being omitted to protect the identity and well-being of this source. This informant shall be referred to in the remainder of this text in the masculine gender and as source one.

According to source one he is familiar with the Colombian male known as Nicholas. Source one believes that Nicholas's real name is Jose Rios. Source one describes Nicholas as being approximately five feet eleven inches, light skinned, approximately 200 pounds and balding. Source one also advised your affiant that Jose Rios alias Nicholas operates Rhode Island registration HC-934 attached to a color gold Volkswagen Jetta. Source one also advises that Jose Rios sometimes operates a color brown Buick. Source one informed your affiant that Jose Rios was residing in East Providence, Rhode Island.

Your affiant met with source one and responded to 60 Village Green North, East Providence, Rhode Island. Source one informed your affiant that Jose Rios was residing at this location. Your affiant conducted independent investigations apart from source one and learned that Jose Rios did on fact reside at this location. Source one informed your affiant that Jose Rios did in fact store, hold and conceal cocaine and heroin along with United States Currency derived from the illegal sales of narcotics at this location. Source one also advises that Jose Rios pays someone in the Pawtucket area to hold, store and conceal cocaine and heroin. Source one advises that he is unaware of who this person is and where they are residing.

Your affiant checked Rhode Island registration and learned that it was registered to Jose N. Rios DOB: 4-17-60 of 60 Village Green North, East Providence, Rhode Island. A check of license files revealed the same information and that Jose has an active license bearing number 8616041. Your affiant checked motor vehicles files and learned that Jose Rios has been stopped in the State of New York for moving violations. A check with the Bureau of Criminal Identification revealed that Jose Rios had no arrest in the State of Rhode Island. Several similarities were obtained in the National Criminal Identification Center.

Your affiant ~~checked~~ was contacted during this month by source one and informed that Jose Rios was presently at El'Castillo restaurant on Mineral Spring Avenue in Pawtucket. Your affiant responded to this location and met with source one. Shortly thereafter a male fitting the description provided by source one exited the establishment and source one identified him as Nicholas alias Jose Rios. Upon observing this male your affiant realized that this male has been observed while conducting previous narcotic investigations. This male has been observed during previous investigations regarding individuals of the Colombian race. This male had been observed meeting with Rodrigo Lopez of Barett Street, North Providence,

Rhode Island. Subsequent to this meeting your affiant arrested Mr. Lopez for possession of cocaine over one ounce under one kilogram. Mr. Lopez was later arrested by the Providence and North Providence police for possession of cocaine over one ounce under one kilogram and possession of two pipe bombs.

During the beginning of March 1995 your affiant learned from source one that Jose Rios was residing at 2930 Pawtucket Avenue, apartment four, East Providence, Rhode Island. Source one advised your affiant that he had been present at this location and had observed an amount of cocaine. Your affiant responded to this location with source one and observed Rhode Island registration HC–934 parked at same. Your affiant later made several inquiries and learned that Jose Rios was in fact residing at this location. Your affiant along with Detective James Demers maintained a surveillance position at this location and observed Jose Rios alias Nicholas alias John Doe exit and enter into his motor vehicle.

Your affiant requested source one to make a controlled purchase of cocaine from Jose Rios, but source one advised your affiant that he would not. Source one advised that he feared Jose Rios due to his higher position in the chain of distribution of narcotics and his ties to the country of Colombia. Source one advised that he feared for his life and the life of relatives in Colombia.

During the past three days your affiant was contacted by source one and informed that a person friendly with source one was attempting to purchase cocaine from Jose Rios. Source one advised that this individual would be meeting Jose Rios in the Pawtucket area. Source one advised your affiant that he would be able to obtain a small amount of the cocaine purchased and provide it to your affiant. Your affiant and Detective James Demers responded to the dwelling of Jose Rios. A short time later your affiant and Detective Demers observed Jose leave operating his motor vehicle. Jose was followed to the Pawtucket area and was observed entering an establishment. Jose remained in the establishment for a period of time and was then observed leaving. After he left the establishment source one responded to your affiant and turned over a color white rocklike substance, which later field tested positive for the presumptive presence of cocaine. Source one advised that Jose Rios sold the cocaine to an unidentified party and that this second party provided the cocaine to source one.

Based on the aforementioned information and independent investigations by your affiant and Detective James Demers your affiant reasonably believes that Jose Rios is holding, storing and distributing cocaine from his dwelling described as apartment four at 2930 Pawtucket Avenue, East Providence, Rhode Island. Your affiant therefore request to search said apartment for cocaine, heroin, packaging materials and instruments, ledgers, pagers, United States currency derived form the illegal sales of narcotics and any paperwork showing possession and ownership if the residence.

Providence SC.

3–16–95 DATE

/s/ Det. David Neill
Affiant

In Pawtucket this 16th, day of March 1995 Detective David Neill did appear before me and made oath to the truth of foregoing.

[Signature]
Judge